UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY TRAHAN** | **CIVIL ACTION NO. 11-cv-568** |
| **LA. DOC #153845** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JAMES LEBLANC, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Trahan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 28 U.S.C. § 1983 on April 7, 2011. Doc. 1. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the C. Paul Phelps Corrections Center (CPP), DeQuincy, Louisiana.

Plaintiff's basic claim herein is one for denial of proper medical care. He names the following as defendants herein: LDOC Secretary James LeBlanc; CPP Warden Robert Henderson; CPP Assistant Warden Joe Ruebush; CPP Nurse Bordelon, and CPP physician John Crawford.

*Background*

Plaintiff states that he suffers from an extreme reduction in his mobility from injuries to his leg, ankle and foot resulting from an automobile accident in 2007. Doc. 1, att. 2, p. 5. In October of 2008, plaintiff was placed in LDOC

1

custody and housed at Elayn Hunt Correctional Center (EHC), Saint Gabriel, Louisiana. *Id*. While at EHC, he was given a wheel chair and pain medication. *Id*. In November 2008, plaintiff was transferred to CPP. *Id*. At that time, plaintiff states that defendant Crawford determined that there was nothing wrong with him and substituted plaintiff's wheelchair with crutches. Doc. 1, att. 2, p. 6. Plaintiff contends that from November 2008 through June 2009 his left leg atrophied considerably, affecting his ability to walk on his own and causing severe pain. Doc. 1, att. 2, p. 7. He claims that his condition was exacerbated by Crawford's refusal to treat his diabetes from November 2008 through April 2009. *Id*. Thereafter, on June 14, 2009, plaintiff fell while exiting the dining facility, hurting his back. *Id*. He was admitted into the medical observation unit (MOU). *Id*. While in MOU, plaintiff claims that defendant Bordelon took his crutches and taunted him about it. *Id*. Plaintiff states that defendants refused to give him crutches or a wheelchair from June 14, 2009, through June 25, 2009, causing him to walk unassisted and suffer pain. *Id*.

Plaintiff was again seen by Dr. Crawford on June 17, 2009, this time complaining of a dislocated ankle. *Id*. Plaintiff requested a consultation with an orthopedic specialist and stated his belief that the dislocation resulted from incomplete healing from the surgery after his 2007 automobile accident. Doc. 1, att. 2, p. 8. He states that Crawford did not provide treatment but instead told him that since his ankle moved, there was nothing wrong with it. *Id*. Plaintiff

then fell over his foot locker on June 25, 2009, and was admitted to MOU for one week. Doc. 1, att. 2, p. 9.

On September 30, 2009, plaintiff declared a medical emergency as he could not get either of his feet into his boots due to swelling. *Id*. He states that the defendants refused to let him wear tennis shoes instead of the state-issued work boots. *Id*. Plaintiff disputes that the swelling was caused by his non-compliance to a diabetic diet. *Id*. Rather, he claims that the food given to diabetics is the same as the general population other than the replacement of bread.

On June 17, 2009, plaintiff filed a grievance on the above lack of medical care. *Id*. In the grievance, he requested an orthopedic consultation, crutches or a wheelchair, proper medical care, and professional physical therapy. Doc. 1, att. 3, p. 1. The grievance was denied at the second step on September 10, 2009. Doc. 1, att. 3, p. 4.

Plaintiff attached both the first and second step responses to his ARP. The responses detailed plaintiff's medical history. More specifically, the response [Doc. 1, att. 3, p. 3] states that upon arrival at CPP (November 2008), Dr. Crawford continued plaintiff's medication for inflammation and gave him a duty status for crutches, bottom bunk, no lifting over 10 pounds, no walking over one-quarter of a mile, a sit-down job, no moving machinery, and no sports. The duty status was assigned for one year. *Id*. The response then notes that on May 9, 2009, going to the front of lines was added to his duty status. *Id*. Next,

the response discusses the June 14, 2009, fall in the dining area. *Id*. It states that plaintiff was admitted to medical observation, seen by Dr. Crawford on June 15, 2009, and discharged from MOU. *Id*. Plaintiff was not given back his crutches at that time because it was determined that it would be good for strengthening for him to walk. *Id*.

The response then mentions plaintiff's two visits to medical on June 17, 2009. Doc. 1, att. 3, p. 3. The first visit was for ankle pain and tenderness to his back. *Id*. Dr. Crawford ordered back exercises for six weeks and told plaintiff to continue his medications. *Id*. Later that day, plaintiff declared a medical emergency as he had uncontrolled hand movements, difficulty breathing, and numbness in his low back and legs. *Id*. Plaintiff's oxygen level was good and the doctor determined that he was hyperventilating. Plaintiff was referred to mental health for evaluation. *Id*.

In regard to plaintiff's fall on June 25, 2009, the response notes that there was no swelling to plaintiff's foot. *Id*. It states that going to the front of lines was again added to plaintiff's duty status. *Id*. Plaintiff was placed in observation and was again seen by Dr. Crawford on June 29, 2009. *Id*. He was discharged on that date and was given a new duty status for an indefinite period with all of the previously noted limitations, including crutches. *Id*.

As relief for the alleged actions of the defendants, plaintiff seeks compensatory, punitive, and nominal damages, as well as specialized medical care. Doc. 1, att. 2, p. 16-17.

*Law and Analysis*

Pursuant to 28 U.S.C. § 1915, *in forma pauperis* status was afforded plaintiff by an order of this court. Doc. 6. That section imposes a screening responsibility on the district court and requires the court to dismiss the complaint without service of process at any time when the court makes a determination that the complaint is frivolous. Title 28 U.S.C. § 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319 (1989). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993). The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period.

*Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the court applies LSA Civil Code article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case plaintiff's causes of action with respect to his specific claims accrued no later than September 30, 2009, the date of plaintiff's last complained of incident. Plaintiff's complaint was signed on April 5, 2011, over a year and a half after the date of the last alleged cause of action in this matter. Therefore, all of his civil rights claims based upon events which occurred prior to April 5, 2010, are clearly untimely and are barred by the statute of limitations and, therefore, are frivolous as a matter of law.

Even if plaintiff's claims were not barred by the applicable statute of limitations, his claims would still fail. More specifically, medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate

indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals

stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321; *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received substantial medical treatment, including doctors' visits, medication, extended observation, crutches, and an indefinite limited duty status. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the

internal affairs of a prison.  *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974).  The decision regarding plaintiff's treatment is best left to the prison officials.  The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs.   The evidence before the court simply does not support a finding of deliberate indifference.

Accordingly, this court finds that plaintiff's medical care claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and 28 U.S.C. § 1915A(B)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service,**

**or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE